IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAVERICK TRADING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EMMETT MOORE; and<br>TRADINGSCHOOLS.ORG,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:19-cv-00203-TC-PMW<br><br>District Judge Tena Campbell<br>Chief Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Maverick Trading, Inc.'s ("Plaintiff") Motion for Leave to Obtain Service of Process Through Alternative Means against Defendant Emmett Moore and Defendant TradingSchools.org (collectively "Defendants").[2] Having reviewed Plaintiff's motion and the relevant law, the court renders the following Memorandum Decision and Order.

## BACKGROUND

This lawsuit is an action for defamation per se, tortious interference with prospective economic advantage, product disparagement, trade libel, deceptive practices, and false light against Defendants for alleged false statements published on May 27, 2017 in a blog post on

---

[1] *See* docket no. 10.

[2] *See* docket no. 9.

Defendants' website. Plaintiff has made numerous attempts to locate and effectuate service of process on Defendants. Plaintiff's attempts include sending a demand letter to 3476 Don Alberto Dr., Carlsbad, CA 92010 which was subsequently returned with a handwritten message on the envelope stating Mr. Moore no longer lived at that address. Upon identifying four possible residences of Mr. Moore, Plaintiff hired CalExpress Attorney Services ("CalExpress") to serve Mr. Moore which resulted in four unsuccessful service attempts by CalExpress at the following properties: Fieldstone, Rosario, Cass, and Garnet.[3] On June 12, 2019, CalExpress informed Plaintiff's counsel that it believed it made contact with Defendant at the Cass Property but the individual was evasive and refused to give his name. After viewing a photograph of Mr. Moore, CalExpress confirmed the person served matched the identity of the person in the photograph.

On June 24, 2019, Plaintiff filed proof of service with the court; however, Plaintiff received phone calls soon after from individuals indicating the person CalExpress served may not have been Mr. Moore. Based on the previous attempts to effectuate service and the recent information regarding the June 12th service, Plaintiff believes that Defendants are evading service. Therefore, pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure, Plaintiff seeks leave of the court to serve Defendants alternatively by sending the summons and complaint to Defendants' (1) nine known email addresses, (2) Twitter account via private message, and (3) website via the contact submission page.

---

[3] *See* Pl.'s Mot. Alt. Service, 4.

## DISCUSSION

The federal rules permit service in accordance with the laws of the forum state. *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Unless a court otherwise directs, Utah law requires service either by personal delivery or certified mail, return receipt requested. Utah R. Civ. P. 4. However, when a plaintiff has exercised due diligence in attempting to ascertain a defendant's whereabouts, or if there is good cause to believe that the person to be served is evading service, a court may authorize service by other means. Utah R. Civ. P. 4(d)(5)(A). A party exercises reasonable diligence if they "take advantage of readily available sources of relevant information" to locate defendants" and demonstrate "persistent efforts" to serve the defendant. *C504750P LLC v. Baker*, 2017 UT App 36, ¶ 10, 397 P.3d 599. Moreover, in deciding a motion for alternative service, the court is mindful that any method of service authorized by the court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* at ¶ 9.

With these standards in mind, the court finds Plaintiff has exercised reasonable due diligence to locate and serve Defendants and that good cause exists to believe Defendants are avoiding service of process. Accordingly, Plaintiff's request for alternative service in this case is justified. Service shall be deemed complete by sending the complaint, summons, and a copy of this order to Defendants (1) nine email addresses, (2) Twitter account via private message, and (3) website via the contact submission page. *See F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing alternative service by email and Facebook). The court is satisfied that these alternative methods of service are sufficient to place Defendants on notice of the pendency of this action and afford Defendants the opportunity

to respond. Upon completion of service, Plaintiff shall file an affidavit with the court affirming completion of service pursuant to this order.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to Obtain Service of Process Through Alternative Means is **GRANTED.**

**IT IS SO ORDERED.**

DATED this 7th day of August, 2019.

                                          **BY THE COURT:**

                                          PAUL M. WARNER
                                          Chief United States Magistrate Judge